1  **WO**                                                                SC
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7                **FOR THE DISTRICT OF ARIZONA**
8
9  Eliseo Solis, Jr.,                  )   No. CV 11-1202-PHX-GMS (ECV)
                                       )
10              Petitioner,            )   **ORDER**
                                       )
11  vs.                                )
                                       )
12  Charles L. Ryan, et al.,           )
                                       )
13              Respondents.           )
                                       )
14

Petitioner Eliseo Solis, Jr., who is confined in the Arizona State Prison Complex, Cimarron Unit, in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.    Petition**

Petitioner was convicted by a jury in Maricopa County Superior Court, case #CR2005-107852, of second degree murder and was sentenced to an aggravated nineteen-year term of imprisonment. In his Petition, Petitioner names Charles L. Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises six grounds for relief. In Ground One, Petitioner alleges that his Fourteenth Amendment right to due process was violated where his sentence was aggravated by a factor that was an essential element of the offense. In Ground Two, Petitioner alleges that he received the ineffective assistance of appellate counsel based on counsel's failure to raise the issue in Count One on appeal. In Ground Three, he alleges that his sentence was

1 unlawfully aggravated based on the presence of an accomplice when insufficient evidence supported that factor. In Ground Four, he alleges that the trial court failed to consider all of the mitigating factors in violation of his Fourteenth Amendment due process rights. In Ground Five and Six, Petitioner alleges that he received the ineffective assistance of trial counsel in violation of his Sixth Amendment rights based on failures to object to false testimony or to present a witness who could have testified that Petitioner acted in self-defense. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II. Warnings

### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

1     (2)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

    (3)     Petitioner may file a reply within 30 days from the date of service of the answer.

    (4)     This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 6th day of July, 2011.

_A. Murray Snow_
G. Murray Snow
United States District Judge