1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7            FOR THE DISTRICT OF ARIZONA
8
9   Eliseo Solis, Jr.,                    )   No. CV 11-1202-PHX-GMS (ECV)
                                          )
10             Petitioner,                )   **AMENDED REPORT AND**
                                          )   **RECOMMENDATION**
11  vs.                                   )
                                          )
12                                        )
    Charles L. Ryan,                      )
13                                        )
               Respondent.                )
14                                        )
                                          )
15  _____      )

16  TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

17         Petitioner, confined in the Arizona State Prison Complex, Tucson, and proceeding pro

18  se, has filed a Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person

19  In State Custody (Non-Death Penalty). (Doc. 1). Respondent has filed an Answer (Doc. 10-

20  12) and Petitioner has filed a Reply. (Doc. 14).

21  **I.    CORRECTION OF THE RECORD**

22         The undersigned previously issued a Report and Recommendation in this case on

23  October 17, 2012. (Doc. 15). The District Court referred the matter back to the undersigned

24  for further proceedings because certain additional documents were included in the exhibits

25  submitted with Petitioner's Reply designated as the "courtesy" copy that were not included

26  in the exhibits submitted with Petitioner's Reply designated as the "original" and

27  electronically scanned and filed in the record. (Doc. 17, Order). The undersigned had

28  reviewed and considered Petitioner's Reply and attached exhibits which Petitioner submitted

1    as the "courtesy copy." (Doc. 18, Order).  The docket now shows that exhibits 1 through 6

2    submitted with Petitioner's Reply designated as the "courtesy copy" have been filed and

3    electronically scanned into the record.  (Doc.  19).

4         As allowed by this Court (Doc. 18, Order), Petitioner has filed an "Objection to Filing

5    of Petitioner's Reply Exhibits 1-6" (Doc. 20) and Supplemental Briefing. (Doc. 21).

6    Respondents have filed a Response to Petitioner's Supplemental Briefing.  (Doc. 22).  In

7    addition, Petitioner has filed a Motion to Strike "state's" Supplemental Briefing (Doc. 24)

8    and a "Motion to Court Order Arizona Department of Correction to Release Medical

9    Records." (Doc. 25).

10        In his Objection (Doc. 20), Petitioner contends the filed exhibits 1-6 to his Reply are

11   "missing one" and the exhibits should be "1-7."  Petitioner asks the Court to consider an

12   affidavit contained in exhibit 2, to review the entire case, to consider that he is a layman and

13   that he does not have the assistance of counsel, and that he has limited access to the library.

14   Petitioner's only viable objection concerns the alleged missing exhibit. The "courtesy copy"

15   contained exhibits 1-6, not exhibits 1-7. In a previous Objection, Petitioner referred to

16   exhibits 1-6 of his Reply.  (Doc. 16 at 2).  It is recommended that his Objection is overruled.

17        Petitioner also has moved to strike Respondents' Supplemental Briefing as filed past

18   the deadline set by this Court.   (Doc. 24).   The Court's Order (Doc. 18) allowing

19   supplemental briefing contemplated that simultaneous briefing would be filed within fourteen

20   days of the Order.  In fairness to the parties in light of the correction of the record, the Court

21   has considered the parties' supplemental briefing.  It is recommended that Petitioner's

22   Motion to Strike (Doc.  24) be denied.

23        In his motion seeking the release of his prison medical records, Petitioner contends

24   that post-traumatic stress disorder is introduced as "new discovered evidence" as a diagnosis

25   held in his medical psychiatric records.  This issue is not reflected in the corrected record that

26   now includes Reply exhibits 1-6.  For additional reasons discussed at note 3, *infra*, it is

27   recommended that Petitioner's Motion to Court Order to Arizona Department of Correction

28   to Release Medical Records (Doc. 25) be denied.

1   To avoid confusion, and in view of the correction of the record, Petitioner's Objection
2   and motions, and the parties' supplemental briefing, the undersigned vacates the October 17,
3   2012 Report and Recommendation (Doc. 15) and issues this Amended Report and
4   Recommendation.

5   **II.   Background**

6   On March 23, 2005, Petitioner was indicted in Maricopa County for first-degree
7   murder, a class 1 dangerous felony. (Doc. 10 at 3 & Ex. A & B).  The State alleged as
8   aggravating circumstances: (1) the infliction or threatened infliction of serious physical
9   injury; (2) the use, threatened use, or possession of a deadly weapon or dangerous instrument
10  during the commission of the crime; (3) the presence of an accomplice; and (4) physical,
11  emotional, or financial harm to the victim or the victim's immediate family.  (*Id.*, Ex. D).
12  The case proceeded to a jury trial.

13  The evidence showed that in March 2005, Petitioner met Alfredo Jimenez and began
14  picking him up and dropping him off at the home of Sylvia Valtierra Natal in Phoenix. (Doc.
15  10, Ex. F, R/T 10/06/05 at 26-31). On March 13, 2005, Petitioner left his car at Sylvia's
16  residence but she wanted the car moved the next day. (*Id.*, at 32). On March 14, 2005,
17  Petitioner and another man arrived at Sylvia's residence and asked for Alfredo. The three
18  men went outside and Petitioner shot Alfredo, ultimately killing him. (Doc. 10, Ex. G, R/T
19  10/11/05 at 118; Doc. 10, Ex. F, R/T 10/06/05 at 33-37, 42-53, 60). The police found Alfredo
20  lying on the ground with at least three gunshot wounds. (Doc. 10, Ex. F, R/T 10/06/05 at 96-
21  101). Another officer was provided a description of the vehicle allegedly used by the
22  assailant and located Petitioner and the car. The officer observed a revolver on the front
23  passenger seat. Petitioner spontaneously stated to the officer words to the effect "I had to
24  shoot him," "I shot him.  I had to protect my family." (Doc. 10, Ex. F, R/T 10/06/05 at 104-
25  19). In a statement to authorities, Petitioner said the victim did not have a gun. (Doc. 10, Ex.
26  G, R/T 10/11/05 at 24-29; Doc. 10, Ex. H, R/T 10/12/05 at 14-18). The victim had at least
27  five bullet wounds to his chest and abdomen and a head injury to his right temple consistent
28  with being kicked. (Doc. 10, Ex. G, R/T 10/11/05 at 75-97).

1   Petitioner testified in his defense that he had Alfredo park the car at Sylvia's house

2   because the car had been used in a carjacking with Alfredo and Alfredo had committed two

3   robberies. Petitioner admitted he arrived at the house with a gun in his waistband, he had

4   extra ammunition, and his cousin was with him and aware Petitioner had a gun. Petitioner

5   claimed he was afraid Alfredo was going to shoot him because of previous threats. Petitioner

6   allegedly saw Alfredo reach toward his waist and thought Alfredo was pulling a gun to shoot

7   him but he did not see a weapon. Petitioner admitted he shot Alfredo and then kicked him

8   in the head. (Doc. 10, Ex. G, R/T 10/11/05 at 118-57).

9   On October 13, 2005, the jury convicted Petitioner of second-degree murder and

10  found the crime constituted a dangerous offense. (Doc. 10, Ex. I).  A separate trial was held

11  on the aggravating factors alleged by the State.  (*Id.*, Ex. J at 7-8).  The jury found the offense

12  conduct: (1) involved the infliction or threatened infliction of serious physical injury; (2)

13  involved the use, threatened use, or possession of a deadly weapon or dangerous instrument;

14  (3) involved the presence of an accomplice; and (4) caused emotional and financial harm to

15  the victim's immediate family. (*Id.* at 45-46).

16  The sentencing court found as aggravating factors Petitioner's use of a deadly

17  weapon, the emotional harm caused the victim's family and physical injury, as the evidence

18  showed Petitioner kicked the victim in the head.  The court was not "overwhelmed" by the

19  "evidence of an accomplice" and considered Petitioner's commission of felonies a couple of

20  days before. (Doc. 11, Ex. P at 33-34). The court also made findings regarding the mitigating

21  factors presented by Petitioner. (*Id.*). It was determined the aggravating factors "greatly"

22  outweighed the mitigating factors and the court sentenced Petitioner to 19 years'

23  imprisonment, an aggravated sentence three years more than the 16-year presumptive

24  sentence for second degree murder as provided by A.R.S. § 13-710(A). (*Id.*).

25  Petitioner appealed and argued as error application as an aggravating factor that the

26  offense involved the infliction or threatened infliction of serious physical injury. (Doc. 11,

27  Ex. R & S). The Arizona Court of Appeals vacated Petitioner's sentence and remanded for

28  resentencing, holding that because "the infliction of serious physical injury is an essential

element of the crime of second-degree murder," the trial court could not use that circumstance as an aggravating factor. (Doc. 11, Ex. U).

At Petitioner's resentencing on November 26, 2007, the court considered the matters presented, including aggravating and mitigating circumstances. (Doc. 11, Ex. W at 4-6, 16-36, Ex. X & Ex. V [Sent. Ex.]). The court found Petitioner's strong family support was a mitigating factor and explained its consideration of the several factors it found as non-mitigating. The court found as aggravating factors: (1) use of a deadly weapon as found by the jury, noting Petitioner shot the victim five times, including once at very close range; (2) the presence of an accomplice, noting that someone, perhaps his cousin, drove Petitioner to the scene and although there was some suggestion that a witness had not been called by defense counsel, Petitioner refused to provide his cousin's name; and, (3) emotional and financial harm to the victim as recounted by family members. The court determined that either of two aggravating factors, that is, use of a deadly weapon and emotional and financial harm to the victim's family, outweighed the mitigating factors and found no reason to reduce the original sentence. Petitioner was sentenced to 19 years, a slightly aggravated term, for "this very violent murder." (Doc. 11, Ex. W at 38-39).

Petitioner appealed his re-sentencing. Petitioner's appellate counsel found "no arguable question of law that is not frivolous." (Doc. 11, Ex. Y). Petitioner filed a supplemental brief arguing he had been denied his "14 Amendment rights when the trial court utilized elements of the crime to aggravate his sentence in violation of double jeopardy." (*Id.*, Ex. Z). Petitioner argued that (1) the use of a deadly weapon was an essential element of second-degree murder and could not be used as an aggravating factor; (2) emotional and financial harm to the victim's family are inherent in all homicides and cannot be used as an aggravating factor; and (3) appellate counsel provided ineffective assistance because counsel did not argue the illegality of the sentence. (*Id.*, Ex. Z).

On July 1, 2008, the Arizona Court of Appeals affirmed Petitioner's sentence. The Court of Appeals did not address Petitioner's argument regarding the use of a deadly weapon and harm to the victim's family because those issues could have been raised in his initial

appeal. It did not consider Petitioner's ineffective assistance of counsel claim which is an issue for post-conviction relief under Ariz. R. Crim.P. 32. The appellate court concluded Petitioner's re-sentencing had been conducted in a fair manner. (Doc. 11, Ex. AA).

On April 28, 2008, Petitioner, represented by counsel, filed a petition for post-conviction relief ("counseled PCR") that argued the resentencing violated the Sixth Amendment. (Doc. 12, Ex. CC). Petitioner through counsel argued (1) his sentence had been improperly aggravated under A.R.S. § 13-702(C)(2) ("deadly weapon or dangerous instrument") because his conviction of "second degree murder, dangerous" included possession and/or use of a gun as an essential offense element; (2) his sentence had been improperly aggravated under A.R.S. § 13-702(C)(9) ("physical, emotional and financial harm") because the victim did not suffer "any additional emotional harm based on criminal conduct" that "exceeded" or "aggravated" the elements of second degree murder; (3) his sentence was improperly aggravated based on insufficient evidence of the presence of an accomplice; and (4) the trial court erred in refusing to consider certain proffered mitigating factors. (*Id.*, Ex. CC). Petitioner argued resentencing and/or appellate counsel were ineffective for failing to recognize the use of improper aggravating factors. (*Id.*, Ex. CC at 19 & Ex. KK at 3). Petitioner sought resentencing under Ariz.R.Crim.P. 32.1(a) and (c). (*Id.*, Ex. CC at 19).

On July 30, 2008, Petitioner pro se filed a supplement to his counseled PCR. (Doc. 12, Ex. II). Petitioner raised ineffective assistance of counsel based on grounds that included: (1) trial counsel failed to "interview or subpoena" an "eye witness" described as "exculpatory" and this "caused entrapment defense" and "could have brought acquittal or a lesser charge on behalf of jury;" and (2) counsel at resentencing failed to object "to state prosecutor pursuit of inconsistent theories and false information . . . to the sentencing judge" that "[Petitioner] shoot victim once from close range." (Doc. 12, Ex. II & Ex. JJ).

On June 8, 2009, the trial court denied Petitioner's post-conviction claims "on the merits" and "for the reasons stated in the State's Response." (Doc. 12, Ex. LL). The court also concluded that:

> Even if the use of a deadly weapon should not be considered an aggravating factor when the jury makes a finding of dangerousness, either of the remaining aggravating factors outweigh all the mitigating factors that defendant and his counsel have raised.
>
> The court further finds that defendant's trial and [appellate] counsels' performance was not ineffective and that defendant was not prejudiced by the representation that he received.

(*Id.*, Ex. LL).

On August 31, 2009, Petitioner pro se filed a Petition for Review in the Arizona Court of Appeals contending his sentence violated the Sixth and Fourteenth Amendments. (Doc. 12, Ex. OO & at 4 & 10 ). Petitioner's grounds included: (1) improper use as an aggravating factor that the offense was dangerous and involved the use or possession of a deadly weapon because these are elements of second degree murder;  (2) insufficient evidence of presence of accomplice as an aggravating factor; (3) the sentencing court failed to consider certain mitigating factors; and (4) ineffective assistance of trial and appellate counsel. (*Id.*, Ex. OO). On November 23, 2010, the State Court of Appeals denied review. (*Id.*, Ex. RR).

## III.    The Petition for Writ of Habeas Corpus

In his Petition for Writ of Habeas Corpus filed in the federal district court, Petitioner asserts seven grounds for relief. (Doc. 1).

Ground One:  Petitioner's Fourteenth Amendment right to due process was violated because his sentence was aggravated by a factor that was an essential element of the offense of conviction.

Ground Two: Appellate counsel provided ineffective assistance in violation of the Sixth Amendment based on failure to raise the sentencing issue asserted in Ground One.

Ground Three:  There was insufficient evidence of the presence of an accomplice, this factor was improperly used as an aggravating factor, and since the jury acquitted Petitioner of first degree murder the alleged accomplice could not intend that Petitioner commit first degree premeditated murder when said plan was not proved beyond a reasonable doubt.

Ground Four: Petitioner's Fourteenth Amendment due process was violated because the trial court failed to consider all relevant mitigating circumstances.

Ground Five:  Trial and resentencing counsel provided ineffective assistance based on the failure to object to the State's "false and misleading argument that [Petitioner] shot [the] victim at close range, once from upon victim." The sentencing and resentencing court aggravated the sentence due to false and misleading information on behalf of the State.

Ground Six:  Counsel provided ineffective assistance based on the alleged failure to present or interview a witness ("Jones") "who would have supported a claim of self defense" depriving Petitioner of exculpatory evidence and causing "intrapment [sic] conviction."

Ground Seven:  Petitioner's  rights to due process and effective assistance of counsel were violated so as to merit "lesser charge or overturning conviction." Trial counsel failed to interview the only witness who would have supported a self defense claim and Petitioner shot the victim due to having lost control believing the victim was drawing a gun from his waist after making death threats which Petitioner feared the victim had potential to carry out.

In its Answer, Respondent has addressed the merits of Grounds One, Two and Four. Respondent argues Grounds Five, Six and Seven are procedurally barred. Respondent contends Ground Three is not cognizable and is procedurally barred but without waiving this defense has addressed the merits of that part of the claim, if any, asserting ineffective assistance of appellate counsel.

**IV.    Discussion**

**A.    Timeliness of the Petition**

Respondent has concluded that Petitioner's habeas petition was timely filed.  (Doc. 10 at 15-17).

**B.    Procedural Default of Grounds Three, Five, Six and Seven**

**1.    Legal Standards**

To be eligible for federal habeas corpus relief, a state prisoner must establish that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A state prisoner must exhaust his remedies in state court before petitioning for a writ of habeas corpus in federal court.  28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991).  To

1   properly exhaust state remedies, a petitioner must fairly present his claims to the state's

2   highest court in a procedurally appropriate manner.  *O'Sullivan v. Boerckel*, 526 U.S. 838,

3   848 (1999).  In Arizona, a petitioner must fairly present his claims to the Arizona Court of

4   Appeals by properly pursuing them through the state's direct appeal process or through

5   appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999);

6   *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994).

7          A claim has been fairly presented if the petitioner has described both the operative

8   facts and the federal legal theory on which the claim is based.  *Baldwin v. Reese*, 541 U.S.

9   27, 29, 33 (2004); *Sivak v. Hardison*, 658 F.3d 898, 908 (9th Cir. 2011).  "[A] state prisoner

10  has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he

11  specifically indicated to that court that those claims were based on federal law."  *Lyons v.*

12  *Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th

13  Cir. 2001). "If a petitioner fails to alert the state court to the fact that he is raising a federal

14  constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues

15  raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). "[G]eneral appeals

16  to broad constitutional principles, such as due process, equal protection, and the right to a fair

17  trial, are insufficient to establish exhaustion."  *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th

18  Cir. 1999) (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

19         If a petition contains claims that were never fairly presented in state court, the federal

20  court must determine whether state remedies remain available to the petitioner.  *See Coleman*

21  *v. Thompson,* 501 U.S. 722, 735 n.1 (1991); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982);

22  *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998).  If remedies are still available in state

23  court, the petition may be dismissed without prejudice pending the exhaustion of state

24  remedies. *Rose,*  455 U.S. at 510. If the court finds the petitioner would have no state remedy

25  were he to return to state court, his claims are considered procedurally defaulted.  *Teague v.*

26  *Lane*, 489 U.S. 288, 298-99 (1989); *see also Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir.

27  2002) (a defendant's claim is procedurally defaulted when it is clear the state court would

28  hold the claim procedurally barred).

1    The federal court will not consider these claims unless the petitioner can demonstrate
2    that a miscarriage of justice would result, or establish cause for his noncompliance and actual
3    prejudice. *See Dretke v. Haley*, 541 U.S. 386, 392-93 (2004); *Schlup v. Delo*, 513 U.S. 298,
4    321 (1995); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). To establish a "fundamental
5    miscarriage of justice," a state prisoner must establish it is more likely than not that no
6    reasonable juror could find him guilty of the offense. *Schlup*, 513 U.S. at 327. "Cause" is
7    demonstrated by showing that some objective factor external to the prisoner or his counsel
8    impeded efforts to comply with the state's procedural rules. *See Murray v. Carrier*, 477 U.S.
9    at 488. To establish prejudice, the prisoner must show that the alleged constitutional violation
10   "worked to his actual and substantial disadvantage, infecting his entire trial with error of
11   constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

12        **2.    Application**

13        **a.    Ground Three**

14   Petitioner contends there was insufficient evidence to support the jury's finding of the
15   presence of an accomplice as an aggravating factor in light of the jury's not guilty verdict on
16   first degree murder. Petitioner has not asserted this claim as showing he is "in custody" in
17   violation of the Constitution or federal laws. He also has not raised this claim as a ground for
18   ineffective assistance of counsel.

19   Petitioner did not present the accomplice claim to the state trial court as a "federal"
20   claim. Rather, he contended the evidence was insufficient to establish the presence of an
21   accomplice, citing state cases. (Doc. 12, Ex. CC at 9-11). In portions of his counseled PCR,
22   Petitioner referenced the federal constitution (e.g., Doc. 12, Ex. CC at 3, 7) but these
23   assertions did not specifically address the insufficiency of the evidence of an accomplice as
24   an aggravating factor. In his Petition for Review filed in the state appellate court, Petitioner
25   stated regarding the accomplice claim that "constitutional error is one of jeopardy and
26   sufficiency of evidence" (Doc. 12, Ex. OO at 18), but Petitioner did not present this assertion
27   to the trial court. Petitioner's claim in Ground Three is procedurally barred.

28        **b.    Ground Five**

- 10 -

Petitioner alleges trial and resentencing counsel provided ineffective assistance by failing to object to the State's allegedly false and misleading argument that Petitioner shot the victim at close range and the court was misled to aggravate the sentence based on this circumstance. Petitioner raised a similar claim in his supplemental PCR filed on July 30, 2008. (Doc. 12, Ex. II at 5). The trial court denied the claim on the merits on June 8, 2009. (*Id.*, Ex. LL). Petitioner did not "fairly" present this claim in his petition for review filed in the state court of appeals. (*Id.*, Ex. OO). Ground Five is procedurally barred.

### c.     Grounds Six and Seven

Petitioner contends in Ground Six counsel was ineffective for not presenting or interviewing a witness ("Jones") who would have supported a self-defense claim, depriving him of exculpatory evidence and "cause intrapment conviction." Petitioner raises a similar claim in Ground Seven. In his supplemental PCR (Doc. 12, Ex. II), Petitioner asserted that counsel failed to "interview or subpoena" a witness described as "exculpatory"and an "eye witness" but did not identify the "witness" by name. Petitioner's reference to "Jones" appears to concern a case citation. (*Id.*, Ex. II at 2). In his petition for review filed in the state appellate court, Petitioner did not mention any aspect of these claims. (Doc. 12, Ex. OO). Grounds Six and Seven therefore are procedurally barred.[1]

Any return by Petitioner to state court as to Grounds Three, Five, Six and Seven would be "futile." Petitioner would no longer have a remedy if he returned to the state court. The time has passed to seek post-conviction relief in state court under Ariz.R.Crim.P. 32.4(a) and Petitioner has not shown any of the exceptions to the time limits under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

---

[1]   Petitioner in his Objection regarding the filing of the Reply exhibits 1-6 refers to an affidavit in exhibit 2. (Doc. 20 ¶ 3). In this affidavit, Petitioner appears to provide the name of a witness who allegedly was present when the incident occurred and claims he would have attested to Petitioner's self-defense. Petitioner further states that this alleged witness resides in Mexico and Petitioner's family has not been able to contact him. (Doc. 19, Ex. 2 at 28-30). Petitioner's allegation concerning an alleged unavailable witness is insufficient to overcome the procedural bar.

1    Where issues are procedurally defaulted, federal review of the claim is not barred if

2  the petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice."

3  Petitioner has not established "cause" for the procedural default or resulting prejudice. He

4  has not shown a miscarriage of justice.  It is recommended that Grounds Three, Five, Six and

5  Seven be denied and dismissed.

6  **C.    Merits Analysis of Grounds One, Two and Four**

7         **1.    Legal Standards**

8    Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

9  federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated

10 on the merits in State court proceedings" unless the State court decision was (1) contrary to,

11 or an unreasonable application of, clearly established federal law as determined by the United

12 States Supreme Court; or (2) based on an unreasonable determination of the facts in light of

13 the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d); *see Williams v.*

14 *Taylor*, 529 U.S. 362, 412-13 (2000); *Harrington v. Richter*, 131 S.Ct. 770, 785-86 (2011).

15 A state court's decision is "contrary to" clearly established precedent if (1) "the state court

16 applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2)

17 "if the state court confronts a set of facts that are materially indistinguishable from a decision

18 of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."

19 *Williams*, 529 U.S. at 405-06.  A state court's decision is an unreasonable application of

20 clearly established federal law "if the state court identifies the correct governing legal

21 principle . . . but unreasonably applies that principle to the facts of the prisoner's case."

22 *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The "unreasonable application" clause requires

23 the state court's application of Supreme Court law to be more than incorrect or erroneous;

24 it must be objectively unreasonable.  *Id.*

25         As a condition for obtaining habeas corpus from a federal court,
          a state prisoner must show that the state court's ruling on the
26         claim being presented in federal court was so lacking in
          justification that there was an error well understood and
27         comprehended in existing law beyond any possibility for
          fairminded disagreement.

28

1     *Richter*, 131 S.Ct. at 786-87.

2        "Clearly established Federal law" in § 2254(d)(1) refers to the Supreme Court's

3 precedents in effect at the time the state court renders its decision. *Lockyer*, 538 U.S. at 71-

4 72; *Greene v. Fisher*, 132 S.Ct. 38, 44 (2011). "A legal principle is 'clearly established'

5 within the meaning of this provision only when it is embodied in a holding of this Court."

6 *Thaler v. Haynes*, 130 S.Ct. 1171, 1173 (2010). In applying these standards, the federal

7 habeas court reviews the last reasoned decision by the state court. *Barker v. Fleming*, 423

8 F.3d 1085, 1091-92 (9th Cir. 2005).

9       **2.    Application**

10       **a.    Ground One**

11        Petitioner asserts as a Fourteenth Amendment due process violation that his sentence

12 was impermissibly aggravated by a factor that was an essential element of second-degree

13 murder, that is, the use, threatened use or possession of a deadly weapon or dangerous

14 instrument. Petitioner raised this claim in the trial court and in his Petition for Review. The

15 claim appears properly exhausted. (Doc. 10 at 21-22; Doc. 12, Ex. CC at 7, Ex. LL & Ex. OO

16 at 12-13).

17        The trial court instructed the jury as follows regarding the elements of second degree

18 murder:

19                The crime of second degree murder requires proof of any one of
the following: One, the defendant intentionally caused the death

20                of another person; or, two, the defendant caused the deaths of
another person by conduct which he knew would cause death or

21                serious physical injury; or three, under circumstances
manifesting extreme indifference to human life, the defendant

22                recklessly engaged in conduct which created a grave risk of
death and thereby caused the death of another person.

23 (Doc. 10, Ex. H, R/T 10/12/05 at 37). At sentencing and resentencing, the court recognized

24 as an aggravating factor the jury's finding that Petitioner used a deadly weapon in

25 committing the murder. (Doc. 11, Ex. P, R/T 12/2/05 at 33-34 & Ex. W, R/T 11/26/07 at 38-

26 39). At the time Petitioner was sentenced, A.R.S. § 13-702(C) provided in relevant part that:

27

28

1

2

> For the purpose of determining the sentence pursuant to section 13-710 . . . the court shall consider the following aggravating circumstances: . . .

3

4

5

> 2.  Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime, except if this circumstance is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-604.[2] (footnote reference added).

6   Pursuant to A.R.S. § 13-1104, which defines the crime of second degree murder, the

7   use of a deadly weapon or a dangerous instrument is not an "essential element" of the crime.

8   A person may "cause the death of another person" without the use of a deadly weapon or

9   dangerous instrument.[3] Having been convicted of second degree murder, Petitioner was

10   sentenced under A.R.S. § 13-710(A) which authorized a presumptive sentence of 16 years,

11   which could be aggravated or mitigated "by up to six years pursuant to the terms of § 13-

12   702." See A.R.S. § 13-710(A) (Hist. & Stat. Notes). Petitioner was not sentenced under

13   former A.R.S. § 13-604 which provided for sentencing enhancements. Enhancement of a

14   sentence increases the entire range of possible punishment for each class of an offense and

15   is different from aggravation and mitigation which raise or lower a particular sentence within

16   the permissible range.  *State v. Alvarez*, 67 P.3d 706, 708 n.1 (Ariz. App. 2003). The trial

17   court considered Petitioner's use of a deadly weapon under §13-702(C) as an aggravating

18   circumstance.  Absent a showing of fundamental unfairness, habeas relief is unavailable for

19   an alleged error in the interpretation or application of state sentencing laws. *See Christian*

20   *v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Petitioner's Ground One does not state a

21   cognizable Fourteenth Amendment violation.

22   **b.    Ground Two**

23

24

25

26   [2]  Former A.R.S. §§ 13-702 and 13-604 have been revised and renumbered.  (Doc. 10 at 29 n.16).

27   [3]  *See Arizona v. Fisher*, No. 1 CA-CR 08-0700, 2010 WL 1609692 at *11 (Ariz.Ct.App. April 20, 2010).

28

1    Petitioner contends appellate counsel was ineffective for not raising the sentencing

2    claim in Ground One. Petitioner contends the error was of "constitutional magnitude"

3    because the "use of an element of the offense as an aggravating factor implicates the Double

4    Jeopardy Clause of the State and Federal Constitutions as well as violated the plain language

5    of [the] Arizona statute."  Petitioner raised this claim in his counseled PCR (Doc. 12, Ex. CC

6    at 6-9 & Ex. KK at 3) and the trial court denied the claim on the merits. (*Id.*, Ex. LL). The

7    trial court determined that even if the use of a deadly weapon should not have been

8    considered as an aggravating factor when there is a finding of "dangerousness" by the jury,

9    "either of the remaining aggravating factors outweigh all the mitigating factors" Petitioner

10   raised. (*Id.* at 3). Petitioner's petition for review (Doc. 12, Ex. OO at 28) was denied by the

11   Arizona Court of Appeals. (*Id.*, Ex. RR).

12   Respondent assumes Petitioner's claim is directed at first appellate counsel regarding

13   the appeal that resulted in resentencing. (Doc. 10 at 22 & 39 n. 28). Petitioner's allegations

14   could apply to second appellate counsel although the issue was foreclosed because the

15   second appeal was limited to issues on resentencng. (*Id.*). Respondent concedes Petitioner's

16   claim in Ground Two is properly exhausted. (*Id.*).

17   Criminal defendants are entitled to the effective assistance of counsel under the Sixth

18   Amendment. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To establish ineffective

19   assistance of counsel, a convicted defendant must show (1) that counsel's representation fell

20   below an objective standard of reasonableness, and (2) that there is a reasonable probability

21   that, but for counsel's unprofessional errors, the result of the proceeding would have been

22   different. *Id.* at 687-88, 694. It is strongly presumed that counsel's performance fell within

23   the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

24   Regarding the second component, a petitioner must establish prejudice. A claim of

25   ineffective assistance of counsel fails if either prong of the analysis is not met and the

26   petitioner bears the burden of establishing both prongs.  *Strickland*, 466 U.S. at 697; *United*

27   *States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

28

1    Petitioner's claim that his use of a deadly weapon was improperly found to be an
2    aggravating factor is not meritorious for the reasons discussed regarding Ground One.
3    Petitioner therefore cannot show that appellate counsel's failure to raise the issue on appeal
4    constitutes deficient performance. *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005)
5    (counsel cannot be ineffective for failing to raise a meritless objection). The trial court's
6    decision was neither contrary to, nor an unreasonable application of the standards announced
7    in *Strickland*.

8          **c.     Ground Four**

9          Petitioner contends the sentencing court failed to consider mitigating factors in
10   violation of the Fourteenth Amendment. Petitioner argues the court did not consider (1) his
11   educational background or achievements; (2) his alleged sex abuse as a child; (3) his
12   preparation to be a missionary; and (4) his remorse.

13         At the first sentencing hearing, the court's finding of mitigating factors included
14   Petitioner's "remorse" without giving that factor much weight, Petitioner's "family support,"
15   and that Petitioner had "some difficulties in [his] childhood" considered as "any other factor
16   deemed appropriate." (Doc. 11, Ex. P at 33-34). At resentencing, the court found as
17   mitigating Petitioner's strong family support.  It made further findings as to factors it found
18   non-mitigating or not particularly mitigating which included Petitioner's educational
19   background and achievements; Petitioner was subject to sex abuse as a child indicating a
20   difficult childhood; Petitioner's preparation to be a missionary; and Petitioner's remorse.
21   (Doc. 11, Ex. W at 36-38). Petitioner raised the claim of failure to consider mitigating factors
22   in his counseled PCR. (Doc. 12, Ex. CC, Part II (G)).  The trial court denied the claim on the
23   merits (*Id.*, Ex. LL) and the state appellate court denied review. (*Id.*, Ex. OO at 18-25 & Ex.
24   RR). Petitioner properly exhausted this claim. (Doc. 10 at 24).

25         Defendants in non-capital cases have no federal constitutional right to present
26   mitigating evidence. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991)
27   (rejecting claim that the Constitution guarantees a right to present mitigating evidence to the
28   sentencing court) (citing *Harmelin v. Michigan*, 501 U.S. 957, 994-95 (1991)). Moreover,

the record shows the trial court, both on sentencing and resentencing, explained its consideration of the factors in mitigation presented by Petitioner. Which "mitigating factors" must be considered and to what extent are matters of state law, not Fourteenth Amendment due process. *See* former A.R.S. § 13-702(D). *See also*, *Capes v. Ryan*, 2012 WL 465447 *5 (D. Ariz. 2012) (habeas petitioner's claim that trial court failed to properly balance aggravating and mitigating factors at sentencing raised a question of application of state sentencing law, not a federal claim). Petitioner's Ground Four does not present a cognizable federal claim.[4]

**IV.    Conclusion**

Petitioner's claims in Grounds Three, Five, Six and Seven are procedurally defaulted. Petitioner has not satisfied the standard for habeas relief as to Grounds One, Two and Four. The court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed.

**IT IS ORDERED:**

That the October 17, 2012 Report and Recommendation (Doc. 15) is **VACATED**.

**IT IS RECOMMENDED:**

That the Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody (Non-Death Penalty) (Doc. 1) be **DENIED AND DISMISSED WITH PREJUDICE;**

**IT IS FURTHER RECOMMENDED:**

---

[4]   Following the filing of Petitioner's Reply exhibits 1-6, Petitioner filed a motion to obtain his prison medical records allegedly indicating "post traumatic stress disorder" as "new discovered evidence" relevant to his difficult childhood and claim of ineffective assistance of counsel. (Doc. 25). "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 401 (1993); *see also House v. Bell*, 547 U.S. 518, 555 (2006).

1        That Petitioner's Objection to Filing of Petitioner's Reply Exhibits 1-6 (Doc. 20) be

2   **OVERRULED** and that Petitioner's Motion to Strike "State's" Response to Petitioner's

3   Supplemental Briefing (Doc. 24) and Petitioner's Motion To Court Order Arizona

4   Department of Correction To Release Medical Records (Doc. 25) be **DENIED**.

5   **IT IS FURTHER RECOMMENDED:**

6        That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal

7   be **DENIED** because Petitioner has not made a substantial showing of the denial of a

8   constitutional right.

9        This recommendation is not an order that is immediately appealable to the Ninth

10  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

11  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

12  parties shall have 14 days from the date of service of a copy of this recommendation within

13  which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1); Fed. R.

14  Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days within which to file a response

15  to the objections.  Failure to timely file objections to the Magistrate Judge's Report and

16  Recommendation may result in the acceptance of the Report and Recommendation by the

17  district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

18  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

19  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

20  findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

21  recommendation.  *See* Fed. R. Civ. P. 72.

22       DATED this 19th day of February.

23

24

25  _____

26  Edward C. Voss
    United States Magistrate Judge

27

28