**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eliseo Solis, Jr., | No. CV-11-01202-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L. Ryan, | |
| Defendant. | |

Pending before this Court is a Petition for Writ of Habeas Corpus filed by Petitioner Eliseo Solis, Jr. (Doc. 1). Magistrate Judge Voss has issued a Report and Recommendation ("R&R") in which he recommended that the Court deny the petition with prejudice; Solis has objected to the R & R. (Docs. 27, 29.) Because objections have been filed, the Court will review the petition de novo. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). After Magistrate Judge Voss issued the R&R, Solis filed a Motion to Stay. (Doc. 32.) For the following reasons, the Court denies the Motion to Stay, accepts the R&R, denies the petition, and denies Solis's other Motions.

**BACKGROUND**

Solis was indicted for first-degree murder in Maricopa County on March 23, 2005. (Doc. 10-1, Ex. A.) In addition, the State alleged the presence of the following aggravating circumstances: (1) the infliction or threatened infliction of serious physical injury; (2) the issue, threatened use, or possession of a deadly weapon or dangerous instrument during the commission of the crime; (3) the presence of an accomplice; and

(4) physical, emotional, or financial harm to the victim or the victim's family. (*Id.*, Ex. D.)

After all the evidence was presented,[1] the jury came back on October 13, 2005, with a verdict of guilty on the charge of second-degree murder and a finding that the crime constituted a dangerous offense. (Doc. 10-6, Ex. I.) There was then a second trial on whether the aggravating factors that the State alleged were present. The jury found that they all were. (Doc. 10-7, Ex. J.) At sentencing, the trial judge considered the jury's verdict on the presence of the aggravating factors as well as mitigating evidence that Solis submitted. (Doc. 11-2, Ex. P.) He determined that Solis's use of a deadly weapon, the emotional harm suffered by the victim's family, and the fact that Solis had kicked the victim in the head were aggravating factors that substantially outweighed any mitigating evidence. (*Id.*) He therefore sentenced Solis to 19 years imprisonment, three years more than the 16-year presumptive sentence for second degree murder established in Ariz. Rev. Stat. § 13-710(A). (Doc. 11-1, Ex. P.)

Solis, represented by counsel, appealed and argued that the trial court erred by applying as an aggravating factor the fact that the offense involved the infliction of serious physical injury. (Doc. 11-2, Exs. R, S.) He reasoned that serious physical injury is an essential element of second-degree murder and to use it as an aggravating circumstance was impermissible double-counting. (*Id.*) The Arizona Court of Appeals agreed, finding that "the infliction of serious physical injury is an essential element of the crime of second-degree murder," and remanded for resentencing. (*Id.*, Ex. U.)

At resentencing on November 26, 2007, the trial court once again considered the evidence of aggravating and mitigating factors and once again found the aggravating factors far outweighed the mitigating factors submitted by Solis. (Doc. 11-5, Ex. W.) The judge specifically found as aggravating factors the use of a deadly weapon, especially at close range; the presence of an accomplice, and the emotional and financial harm to the

---

[1] The R&R contains a more lengthy summary of the evidence presented at trial and the Court adopts that recitation without repeating it here.

victim and his family. (*Id.*) The sentence was once again set at 19 years. (*Id.*)

Solis appealed again. His counsel filed an *Anders* brief in which he found "no arguable question of law that is not frivolous." (*Id.*, Ex. Y.) Solis, as permitted by Arizona law, then filed a brief pro se in which he argued that (1) the use of a deadly weapon was an essential element of his conviction and therefore could not be used as an aggravating factor; (2) emotional and financial harm to a victim and his family is inherent in any homicide and therefore cannot be used as an aggravating factor; and (3) he received ineffective assistance of counsel on his previous appeal. (*Id.*, Ex. Z.) The Court of Appeals affirmed the sentence on July 1, 2008. (Doc. 11-5, Ex. AA.) It declined to address Solis's claims of error, however, because the issues surrounding application of aggravating factors could have been raised in Solis's initial appeal and the claim of ineffective assistance of counsel was only cognizable in a post-conviction relief proceeding. (*Id.*)

Meanwhile, on April 28, 2008, Solis, aided by counsel, had filed a petition for post-conviction relief. (Doc. 12, Ex. CC.) In it, he argued the following violations of the Fourteenth and Sixth Amendments: (1) his sentence had been improperly aggravated because possession/use of a gun was an essential element of the crime for which he was convicted; (2) his sentence had been improperly aggravated because the victim did not suffer "any additional emotional harm based on criminal conduct" that "exceeded" or "aggravated" the elements of second degree murder; (3) his sentence was improperly aggravated based on insufficient evidence of the presence of an accomplice; and (4) the trial court erred in refusing to consider his proffered mitigating evidence. (*Id.*) In addition, Solis argued that his counsel at trial and on direct appeal was constitutionally deficient for failing to raise the aggravation issues in those proceedings. (*Id.*) Solis sought resentencing. (*Id.*; Doc. 12-1, Ex. KK.)

On July 30, 2008, Solis filed a pro se supplement to his petition. (Doc. 12, Ex. II.) He raised additional claims: (1) his trial counsel failed to "interview or subpoena" an "eyewitness" described as "exculpatory" and this "caused entrapment defense" and

"could have brought acquittal or a lesser charge on behalf of the jury"; and (2) his counsel at resentencing failed to object "to state prosecutor['s] pursuit of inconsistent theories and false information . . . to the sentencing judge" that Solis "sho[t] victim once from close range." (*Id.*)

The trial court denied Solis's petition on June 8, 2009. (Doc. 12-1, Ex. LL.) Solis filed a petition for review pro se in the Arizona Court of Appeals on August 31, 2009. (*Id.*, Ex. OO.) He raised the following grounds for relief: (1) improper use as an aggravating factor that the offense was dangerous and involved the use or possession of a deadly weapon because those were elements of second degree murder; (2) insufficient evidence of presence of an accomplice as an aggravating factor; (3) the sentencing court failed to consider certain mitigating factors; and (4) ineffective assistance of trial counsel and counsel on direct appeal. (*Id.*) The Court of Appeals denied review on November 23, 2010. (Doc. 12-2, Ex. RR.)

Solis brought the instant petition for writ of habeas corpus on June 17, 2011. (Doc. 1.) He asserts seven grounds for relief. First, he claims his Fourteenth Amendment right to due process was violated because his sentence was aggravated by a factor that was an essential element of the offense of conviction. Second, he claims his counsel on direct appeal provided ineffective assistance in violation of the Sixth Amendment based on his failure to raise the sentencing issue described above. Third, there was insufficient evidence to permit the finding of the presence of an accomplice, which was then impermissibly used as an aggravating factor. Fourth, Solis claims his Fourteenth Amendment right to due process was violated because the trial court did not consider all relevant mitigating circumstances. Fifth, he claims a Sixth Amendment violation when trial and resentencing council failed to object to the State's "false and misleading argument that [Solis] shot [the] victim at close range, once from upon victim", on which the trial judge at least partially relied to aggravate the sentence. Sixth, he claims trial counsel provided ineffective assistance under the Sixth Amendment by failing to interview and present as a witness an individual "who would have supported a claim of

1  self defense." Seventh, Solis's rights to due process and effective assistance of counsel
2  were violated so as to merit "lesser charge or overturning conviction." Solis also filed a
3  Motion to Strike a supplemental brief filed by the State (Doc. 24) and a Motion for the
4  Court to Order ADOC to Release Medical Records (Doc. 25). Magistrate Judge Voss
5  filed an R&R recommending that this Court deny Solis's Motions and Petition. (Doc. 27.)
6  Solis objected, (Doc. 31), but the State did not file a response.

## DISCUSSION

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3) (2006). Review of Petitions for Habeas Corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* § 2244 *et seq.* (2006).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court may not grant habeas relief unless it concludes that the state's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2). Nor may the Court grant habeas relief under AEDPA unless the petitioner has exhausted his claim in state court. 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999).

Judge Voss found that Claims Three, Five, Six, and Seven were procedurally defaulted. He went on to deny Claims One, Two, and Four on the merits.

### I.    MOTION TO STAY

Solis has asked this Court to stay his petition to allow him to pursue a claim of newly discovered evidence in state court. (Doc. 32.) That newly discovered evidence appears to relate to a diagnosis of Post-traumatic Stress Disorder ("PTSD") that Solis appears to claim is a mitigating factor the state court should have weighed at sentencing.

It is unclear what grounds warrant a stay. This is not a situation where a petitioner

requests a stay after filing a mixed petition containing exhausted and unexhausted claims. In those situations, a district court may properly stay a habeas petition and hold it in abeyance to allow the petitioner to properly exhaust the unexhausted claims in state court. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *abrogated on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007); *Rhines v. Weber*, 544 U.S. 269 (1995). In those cases, the petitioner already filed his unexhausted claim as part of his petition; here, Solis essentially is telling the Court that he has another claim that he would like to add to his petition that is still running its course in state court.

In any event, a stay would be futile. First, as discussed below, Solis has not articulated any reason why a state court's failure to consider certain mitigating evidence (assuming it was available) creates a violation of federal law. There is no constitutional obligation to consider mitigating evidence at sentencing. *See, e.g.*, *Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978); *United States v. LaFleur*, 971 F.2d 200 (9th Cir. 1991). His claim would therefore not be cognizable under federal habeas review. *See* 28 U.S.C. § 2254(d)(1)–(2).

Second, even assuming that the claim was cognizable, Solis would be unable to amend his petition at this late stage. Rule 15(a)(2) allows for amended pleadings "only with the opposing party's written consent or the court's leave." While "[t]he court should freely give leave when justice so requires", *id.*, the Court would not do so here. The petition has been pending for almost two years, several rounds of briefing have been completed, and a magistrate judge has issued an R&R. The case has advanced too far to allow amendment. Therefore, a stay of this case would serve no purpose.

## II.   PROCEDURAL DEFAULT

### A.   Legal Standard

A petitioner is required to exhaust his claim in state court before bringing it in a federal habeas action. 28 U.S.C. § 2254(b)(1)(A). In this context, exhaustion requires a petitioner to "give the state courts an opportunity to act on his claims before he presents

those claims to a federal court in a habeas petition." *O'Sullivan*, 526 U.S. at 842. In Arizona, a petitioner is required to "fairly present" all claims he seeks to assert in his habeas proceeding first to the Arizona Court of Appeals either through direct appeal or the state's post-conviction relief proceedings. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

For a petitioner to have fairly presented his claims to the appropriate state courts, he must have described the operative facts and the federal legal theory that support his specific claim. *See Baldwin v. Reese*, 541 U.S. 27, 29, 31 (2004); *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) ("Full and fair presentation . . . requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."), *cert. denied sub nom Ryan v. Scott*, 558 U.S. 1091 (2009). The petitioner must alert the state court to the federal nature of the right he claims, and broad appeals to "due process" and similar concepts are insufficient. *See Johnson v. Zenon*, 88 F.3d 828, 830–31 (9th Cir. 1996) ("While he did assert that the admission of the prior act evidence 'infringed on his right to present a defense and receive a fair trial,' the assertion was made in the course of arguing that the evidentiary error was not harmless under state law. Because Johnson never apprised the state court of the federal nature of his claim, he has not satisfied the fair presentation prong of the exhaustion requirement."); *Hivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion.").

If a petitioner has failed to "fairly present" his federal claims to the state courts—and has therefore failed to fulfill AEDPA's exhaustion requirement—the habeas court must determine whether state remedies are still available for the petitioner; if not, those claims are procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

1 requirement would now find the claims procedurally barred[,] . . . there is a procedural
2 default for purposes of federal habeas . . . .").

3 A habeas court will consider claims the petitioner has procedurally defaulted only if he can demonstrate (1) cause for his failure to comply with state rules and actual prejudice or, in the very rare instance, (2) that a miscarriage of justice would occur. *See Dretke v. Haley*, 541 U.S. 386, 388–89 (2004). "Cause" means "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). It can also include a claim that petitioner's counsel provided ineffective assistance that caused the default. *Id.* at 488–89. But any ineffective assistance of counsel claim must have been properly presented itself to the state courts for it to serve as cause to excuse a procedural default. *Id.* Even if a petitioner demonstrates cause for a procedural default, he must nevertheless show "prejudice" or that the supposed constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). Finally, a miscarriage of justice is shorthand for a situation "where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." *Dretke*, 541 U.S. at 393 (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

### B. Application

#### 1. Presence of an Accomplice

Solis's third claim for relief (and the first one Judge Voss found to be procedurally defaulted) is that there was insufficient evidence to support the jury's finding of the presence of an accomplice as an aggravating factor in light of the jury's not guilty verdict on first degree murder. Solis characterizes this claim as one of "sufficiency of the evidence."

Any such claim is subject to procedural default . Solis raised this claim for the first time in his First Petition for Post Conviction Relief. (Doc. 12, Ex. CC at 9-11.) He did not raise it on direct appeal. Ariz. R. Crim. P. 32.2(a)(1) states that "[a] defendant shall be

1  precluded from relief under this rule [allowing for post-conviction relief] based upon any
2  ground . . . [r]aisable on direct appeal . . . or on post-trial motion . . . ." Solis defaulted his
3  accomplice claim by not raising it on direct appeal.

4  Even assuming Solis properly raised the claim in his post-conviction relief
5  proceeding, he did not present it as a federal claim to the state courts. The habeas cases
6  make clear that a petitioner must cite the relevant federal provision when he raises his
7  claim in state courts; otherwise, he has failed to exhaust his federal claim in state courts.
8  *See Baldwin*, 541 U.S. at 29, 31; *Scott*, 567 F.3d at 573. The fact that the substance of the
9  claim was presented even though its federal nature was not does not save the claim. *See*
10 *Rose v. Palmateer*, 395 F.3d 1108, 1111 (9th Cir. 2005) ("[A] petitioner must make the
11 federal basis of the claim explicit either by citing federal law or the decisions of federal
12 courts, even if the federal basis is 'self-evident' or the underlying claim would be decided
13 under state law on the same considerations that would control resolution of the claim on
14 federal grounds."). Solis did not fairly present a federal claim to the state courts.

15 The primary remedy when a petitioner has failed to present his claims to the
16 appropriate state court is dismissal to allow the petitioner to meet the exhaustion
17 requirements. *See Coleman*, 501 U.S. at 735 n.1. Here, however, the window of time for
18 filing appropriate post-conviction relief has closed. The Court of Appeals affirmed
19 Solis's sentence on July 1, 2008. (Doc. 11-2, Ex. U.) The Court of Appeals denied review
20 of Solis's PCR claim on November 23, 2010. (Doc. 12-2, Ex. RR.) Any subsequent
21 petition filed by Solis to perfect his federal claim would be untimely under Arizona rules.
22 *See* Ariz. R. Crim. P. 32.4(a) ("In all other non-capital cases, the notice must be filed
23 within ninety days after the entry of judgment and sentence or within thirty days after the
24 issuance of the order and mandate in the direct appeal, whichever is the later.") Solis has
25 therefore procedurally defaulted his claim about the role the presence of an accomplice
26 played in his resentencing.

27 He can nevertheless avoid the procedural default if he can show cause. In his
28 Petition and Objection, he argues that his counsel at trial, on direct appeal, and in his

PCR proceedings failed to render effective assistance. But in order for Solis's ineffective assistance of counsel claim to serve as cause, he must have raised that ground to the state courts through his post-conviction relief. *See Murray*, 477 U.S. at 488–89. He did not. He did assert a claim of ineffective assistance of counsel in his post-conviction relief proceeding, but he alleged only that his trial/direct appeal counsel was ineffective for failing to raise the accomplice issue at all in the direct proceedings. (Doc. 12, Ex. CC at 11 ("Appellate counsel was ineffective for failing to raise it on direct appeal, and Petitioner was prejudiced by the sentencing court's use of this legally insufficient aggravating factor.").) That is not why his claim is procedurally defaulted—it is defaulted because he did not raise the accomplice claim as a federal issue during the post-conviction relief proceedings. He has not alleged anywhere that his post-conviction relief counsel was ineffective. Consequently, Solis has failed to show cause to excuse his procedural default on Claim Three.

### 2.     Ineffective Assistance of Counsel

Solis's Fifth, Sixth, and Seventh claims for relief are all based on ineffective assistance of counsel. Solis asserts in Claim Five that he received ineffective assistance of counsel during trial because his counsel failed to object to the State's "false and misleading argument that defendant shot [the] victim at close range, once from upon victim." In Claim Six, Solis argues that trial counsel was also ineffective because he failed to interview and present at trial a witness "who would have supported a claim of self-defense." To Solis, "[t]his caused me to be deprived of exculpatory evidence and cause[d] [e]ntrapment conviction." Finally, Solis's seventh claim is a catch-all: "Ineffective assistance of counsel . . . could merit [a] lesser charge or [result in] overturning [of] conviction". In it, Solis likewise describes his self-defense theory.

All of these issues were raised in Solis's post-conviction relief petition in Superior Court. But none of them were included in his petition for review to the Arizona Court of Appeals after the trial court denied the claims on the merits. To perfect his habeas claim, the law required Solis to fairly present his claim "in each appropriate state court."

*Baldwin*, 541 U.S. at 29. Solis had to fairly present his claims to the Arizona Court of Appeals. *Swoopes*, 196 F.3d at 1010. He did not. As a result these claims remain unexhausted. And for the reasons discussed in Part I.B.1, *supra*, Solis has procedurally defaulted on these claims. He has not alleged cause and prejudice to justify his default. The Court will not consider Claims Five, Six, and Seven.

**III.   MERITS**

Judge Voss considered Claims One, Two, and Four on the merits. The State has not argued that any procedural obstacles prevent the Court from examining these issues.

**A.      Legal Standard**

A court reviewing a petition alleging that a state court violated a constitutional rule[2] can grant relief only if the state court decision was "contrary to, or involved an unreasonable application of" clearly established law. *Williams v. Taylor*, 529 U.S. 362, 391 (2000). A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Id.* at 405–06. "Clearly established Federal law" in § 2254(d)(1) refers to the Supreme Court's precedents in effect at the time the state court renders its decision. *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003); *Greene v. Fisher*, ___ U.S. ___, 132 S.Ct. 38, 44 (2011). "A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of this Court." *Thaler v. Haynes*, 130 S.Ct. 1171, 1173 (2010). In applying these standards, the federal habeas court reviews the last reasoned decision by the state court. *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005).

A state court's decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but

---

[2] None of the rules upon which Solis relies qualify as "new" under *Teague v. Lane*, 489 U.S. 288 (1989).

unreasonably applies that principle to the facts of the prisoner's case." *Lockyer*, 538 U.S. at 75. The "unreasonable application" clause requires the state court's application of Supreme Court law to be more than incorrect or erroneous; it must be objectively unreasonable. *Id.* Habeas is not granted merely when a federal court disagrees with a state court's constitutional interpretation: "the most important point is that an unreasonable application of federal law is different than an incorrect application of federal law." *Williams*, 529 U.S. at 410.

### B. Application

#### 1. Claim One

Solis claims a violation of the Fourteenth Amendment occurred when the trial court found as an aggravating factor Solis's use of a deadly weapon or dangerous instrument when that was an essential element of second degree murder. The trial judge gave the following instruction regarding second degree murder:

> The crime of second degree murder requires proof of any one of the following: 1. The defendant intentionally caused the death of another person; or 2. The defendant caused the death of another person by conduct which he knew would cause death or serious physical injury; or 3. Under circumstances manifesting extreme indifference to human life, the defendant recklessly engaged in conduct which created a grave risk of death and thereby caused the death of another person.

(Doc. 10-7, Ex. K, at 8.) The jury found Solis guilty of second-degree murder. (*Id.*, Ex. L.) The trial judge also gave the jury a second instruction:

> [i]f you find the defendant guilty of the crime of . . . second degree murder . . . you must determine whether or not the offense was a dangerous offense. An offense is a dangerous offense if it involved the discharge, use, or threatening exhibition of a deadly weapon or deadly instrument or the intentional or knowing infliction of serious physical injury upon another.

(*Id.* Ex. K, at 10.) The jury made that additional finding. (*Id.*, Ex. L.)

Pursuant to Ariz. Rev. Stat. § 13-710, the presumptive sentence for second degree murder is 16 calendar years. The statute allows for aggravation or mitigation based on the

factors set forth in § 13-702.[3] Section 13-702(C)(2) lists as an aggravating circumstance "[u]se, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime." The trial court cannot use this circumstance, however, if it was "an essential element of the offense of conviction or has been utilized to enhance the range of punishment." *Id.* In a separate trial on aggravating circumstances, the jury also found that "[t]he offense involved the use, threatened use or possession of a deadly weapon or dangerous instrument." (Doc. 10-7, Ex. M.) At resentencing, the trial judge relied on Solis's use of a deadly weapon as an aggravating factor to justify imposing a higher sentence: "The aggravating factors found by the jury that we're allowed to consider, first one is the use of a deadly weapon. It's the legislature that made that determination in the fact that the defendant shot the victim five times, including once at very close range, the court finds as an aggravating factor." (Doc. 11-5, Ex. W at 38-39.)

As the jury instructions show, none of the elements of second degree murder require the presence or use of a deadly weapon or dangerous instrument. *See also* Ariz. Rev. Stat. § 13-1104 (second degree murder statute). Death may be inflicted by numerous other means, and the jury instructions did not require the presence of a deadly weapon to convict. The jury was, however, invited to make an additional finding of dangerousness, and a prerequisite for such a finding did include the use of a deadly weapon. The jury's finding of dangerousness was not an element of the crime—that finding allowed the trial judge to "enhance" the Petitioner's sentencing ranges pursuant to Ariz. Rev. Stat. § 13-604. The trial court did not do so in this case; instead, it conducted a separate trial on the presence of separate aggravating circumstances. The court did not rely at all on the finding of dangerousness to enhance the sentence *range*; instead, he started with the 16-year presumptive sentence and weighed the aggravating and mitigating factors. The jury's separate finding of dangerousness had no effect on the sentence the trial judge imposed. Therefore, even assuming that a trial judge's misapplication of a statute at

---

[3] As the Parties have noted, several of the relevant Arizona sentencing statutes have been revised and renumbered. The provisions cited here refer to the version in place during the relevant time period.

- 13 -

sentencing would violate due process, see *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994), there was no error here.

### 2. Claim Two

In Claim Two, Solis asserts that his counsel on direct appeal was ineffective for failing to raise Claim One. Solis bears the burden of proving ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). To prevail on his claims of ineffective assistance of counsel, Petitioner must show that his counsel's representation fell below an objective standard of reasonableness and that Petitioner was thereby prejudiced. *Id.* Petitioner can establish prejudice by showing that there is a "reasonable probability" that the proceedings would have been different but for counsel's deficient performance. *Id.* (holding that defendant was not denied effective assistance of counsel and stating: "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on has having produced a just result."). Because the Court has determined that there was no error in the trial court's actions, trial and appellate counsel's failure to raise Claim One did not amount to ineffective assistance of counsel. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).

### 3. Claim Four

Solis's fourth claim for relief is that the trial judge did not appropriately consider the mitigating evidence Solis submitted. That evidence included his educational background and achievements, his alleged sex abuse as a child, his preparation to become a missionary, and his remorse for what he had done. At resentencing, the trial judge weighed these factors. (Doc. 11-5, Ex. W at 36-38.) He made specific findings on the weight assigned to each of those factors. (*Id.*)

Solis's claim of error is not a federal claim. There is no constitutional requirement to consider mitigating evidence in non-capital cases. *See, e.g.*, *Lockett v. Ohio*, 438 U.S. 586, 604–05 (1978); *United States v. LaFleur*, 971 F.2d 200 (9th Cir. 1991). Whether a given state, such as Arizona, imposes such requirements is a matter of public policy and

not federal constitutional law. Any error is therefore not cognizable on habeas review. Moreover, the trial judge did consider the mitigating evidence in accordance with Arizona law.

Solis filed a Motion in which he requests the Court to obtain medical records that would demonstrate the sex abuse or diagnoses of PTSD he alleges. But because those records, to the extent they are relevant, relate to a claim that is not federal in nature and therefore not cognizable in this proceeding, it would be meaningless to issue such an order.

## CONCLUSION

All of Solis's claims are either procedurally defaulted or meritless.

**IT IS THEREFORE ORDERED** that Solis's Petition for Writ of Habeas Corpus (Doc. 1) is **denied and dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Magistrate Judge Voss's R&R (Doc. 27) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Solis's Motion to Strike (Doc. 24) and Motion for Court to Order ADOC to Release Medical Records (Doc. 25) are **DENIED.**

**IT IS FURTHER ORDERED** that Solis's Motion to Stay (Doc. 32) is **DENIED.**

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** because Solis has not made a substantial showing of the denial of a constitutional right. The Clerk of Court is directed to enter judgment on this matter.

Dated this 24th day of June, 2013.

_____
G. Murray Snow
United States District Judge